**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**BARRY GARY** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 4:26-CV-268-JHM**

**JIMMY TODD** **DEFENDANT**

# MEMORANDUM OPINION

Plaintiff Barry Gary, a prisoner proceeding *pro se*, initiated this 42 U.S.C. § 1983 action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the following reasons, this action will be dismissed.

## I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff, a convicted prisoner confined at the Muhlenberg County Detention Center at the time of the complaint, sues "Jimmy Todd, Military MP at Disabled/Camp LeJune North Carolina." The complaint alleges that on September 28, 2025, Plaintiff approached the home of Defendant Todd, his next-door neighbor, "to tell him his bull was in my yard again." Plaintiff continues,

> I knocked on the door and while I was waiting on him I sat down on his motorcycle sideways and he came out on [the] back porch and was yelling at me, so I stood up under [the] carport and stepped off the back of it about ten feet. He comes out the . . . carport door and starts firing a 40 cal. Ruger at my face for no reason. I was unarmed, he's been my neighbor . . . for 3 years and we were friends until this. So after he fires at my head a couple times I walk back home and he has to call the cops and say I was trying to steal his motorcycle to cover up almost killing me and it worked.
>
> Since this happened I have awful nightmares and have lost hearing in my left eardrum. Everytime I hear gunshots on movies I start sweating and having flashbacks. I have seen Brittany Jolly the ps[y]ch doctor 2 times on Skype but the Jail wont approve any of the meds she prescribed for depression or nightmares its been 6 and a half months. He was in the military and what he done was excessive and uncalled for. I didn't cause any damage to his motorcycle [n]or did I move it.
>
> I did not plead guilty to any criminal activity in this case I don't owe him any restitution or money for anything . . . . [Defendant] committed perjury under oath

> during my trial, he made three different conflicting statements too, they are all different and you will find this is true in this case.

(DN 1) (cleaned up). Plaintiff further states, "I feel my civil liberty among other things have been severely damaged as well as my mental health capacity." He seeks punitive damages as relief.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III. ANALYSIS

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff alleges that Defendant, who appears to be the victim or a witness in Plaintiff's state criminal prosecution, made false allegations against Plaintiff and/or provided perjured testimony in those proceedings. Defendant is not a state actor for purposes of § 1983. "Providing information to the police, responding to questions about a crime, and offering witness testimony at a criminal trial does not expose a private individual to liability for actions taken 'under color of law.'" *Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009) (citing *Briscoe v. LaHue*, 460 U.S. 325, 329 (1983) ("[Section] 1983 does not allow recovery of damages against a private party for testimony in a judicial proceeding.")); *accord, e.g.*, *Duneske v. Priess*, No. 24-CV-11393, 2024 WL 2806473, at *1 (E.D. Mich. May 31, 2024) (collecting cases). Alternatively, Defendant would be entitled to testimonial immunity to the extent Plaintiff's claims rest upon the alleged perjured statements at his trial. *Moldowan*, 578 F.3d at 398 (crime victim was "entitled to immunity regardless of whether she conspired to deliver false or incomplete testimony" at arrestee's trial) (citing *Alioto v. City of Shively*, 835 F.2d 1173, 1174 (6th Cir. 1987) ("The doctrine enunciated *Briscoe v. LaHue* also shields from liability alleged conspiracies to give false and incomplete testimony in judicial proceedings")); *see also Duneske*, 2024 WL 2806473, at *1

(witness in custody proceedings was entitled to absolute immunity). Accordingly, Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted.

Although the Court is dismissing Plaintiff's action for the above-stated reasons, the dismissal will be without prejudice and with leave to file an amended complaint based on his apparent allegation that the jail (presumably the Muhlenberg County Detention Center) refused to approve his prescribed psychiatric medication for six and a half months, which the Court construes as asserting an Eighth Amendment claim of deliberate indifference to serious medical needs.

Should Plaintiff wish to amend his complaint, he must submit a completed § 1983 complaint form identifying the individual defendant(s) or policy of the Muhlenberg County Detention Center responsible for violating his Eighth Amendment rights and providing specific factual allegations establishing how his constitutional rights were violated. *See Rashada v. Fiegel*, No. 23-1674, 2024 WL 1367436, at *4 (6th Cir. Apr. 1, 2024) (approving dismissal of *pro se* complaint without prejudice and with leave to amend).

The **Clerk of Court is DIRECTED** to place this case number and word "Amended" on a § 1983 complaint form and send it to Plaintiff, should he choose to amend the complaint. Any amended complaint must be filed **on or before October 26, 2026**.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: September 25, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.015